# IN THE UNITED STATES DISTRICT COURT FOR
# THE WESTERN DISTRICT OF TENNESSEE, WESTERN DIVISION

| | |
|---|---|
| CIGNA HEALTHCARE OF TENNESSEE, INC., on behalf of itself and its affiliated entities,<br><br>  Applicant/Defendant,<br><br>v.<br><br>BAPTIST MEMORIAL HEALTHCARE CORPORATION,<br><br>  Respondent/Plaintiff. | Case No. 2:23-cv-02550<br>Consolidated with Case No. 2:23-cv-02500 |

## CIGNA HEALTHCARE OF TENNESSEE, INC.'S
## REPLY IN SUPPORT OF ITS MOTION TO DISMISS AND OPPOSITION TO
## BAPTIST'S COUNTER-PETITION TO CONFIRM ARBITRATION AWARDS

WYATT, TARRANT, & COMBS, LLP

Andrew J. Pulliam (Tenn. Bar No. 16863)
Melanie R. Jayashankar (Tenn. Bar No. 28347)
6070 Poplar Avenue
Suite 300
Memphis, TN 38119
apulliam@wyattfirm.com
mjayashankar@wyattfirm.com
901.537.1000

DLA PIPER LLP (US)

John J. Hamill (*pro hac vice pending*)
Pamela Loutos (*pro hac vice pending*)
Devin J. Carpenter (*pro hac vice pending*)
444 West Lake Street, Suite 900
Chicago, IL 60606
john.hamill@us.dlapiper.com
pamela.loutos@us.dlapiper.com
devin.carpenter@us.dlapiper.com
312.368.7036

*Attorneys for Cigna HealthCare of Tennessee, Inc.*

Cigna submits this Reply in Support of its Motion to Dismiss and Opposition to Baptist's Counter-Petition to Confirm Arbitration Awards (the "Motion"). (ECF 8 and 8-1.) Cigna's Motion should be granted and Baptist's "Counter-Petition" to confirm should be denied.

## I. The Consolidation of the Cases Has (Mostly) Mooted the Issue.

Cigna noted that consolidation of the related cases would essentially moot the issues here. (ECF 8-1 at 5-6.) The Court has since granted that motion to consolidate. (Prior Related Federal Action ECF 22.) The central point of Cigna's motion to dismiss was that Baptist's effort to confirm the "Second Partial Final Award" should have been brought in the Prior Related Federal Action. Now that the matters have been consolidated, the efforts to vacate or confirm both of the awards issued by the arbitration Panel in the arbitration are now properly before this Court. Cigna submits this reply solely to ensure it avoids any potential waiver of its rights regarding either matter as the consolidated cases proceed.

## II. This Matter Should be Dismissed and the Prior Related Federal Action Should Go Forward.

Cigna set out two arguments in its Motion for why this case should be dismissed at the outset. Cigna argued that (i) Baptist agreed to a binding forum-selection provision and (ii) Cigna had previously filed its Application to vacate in the correct federal forum in the Prior Related Federal Action. (ECF 8-1 at 3-4.) Baptist's responses lack merit.

The parties agreed to a binding federal forum-selection provision for commencement of confirmation actions like Baptist's here. (ECF 1 ¶¶ 44-46.) Baptist does not deny that it agreed to that provision. It instead argues that it filed the Counter-Petition to Confirm the Second Partial Final Award in the state-court action because Cigna's federal application was supposedly untimely (ECF 18 ¶ 6(a)) and because there supposedly was no federal subject-matter jurisdiction in the Prior Related Federal Action (*id.* ¶ 6(b)).

As more fully detailed in Cigna's opposition to remand being filed contemporaneously with this memorandum in this action, which Cigna fully incorporates here, all of Baptist's arguments fail. (ECF 30 at 9-24.) Cigna's application to vacate in the Prior Related Federal Court Action was timely. Only a final arbitration award can be challenged under the FAA. The Sixth Circuit is clear that the FAA requires an arbitration award to, at least, provide for liability *and* damages. The clock thus did not start at the First Partial Final Award. It instead started (at the earliest) at the Second Partial Final Award. *Greenhouse Holdings, LLC v. Int'l Union*, 43 F.4th 628, 631 (6th Cir. 2022); *accord Seneca Nation of Indians v. New York*, 420 F. Supp. 3d 89, 98–99 (W.D.N.Y. 2019), *aff'd*, 988 F.3d 618 (2d Cir. 2021). Cigna filed its application to vacate in the Prior Related Federal Action well within 90-days after the Second Partial Final Award. Cigna's application was therefore timely. (Again these matters are more fully briefed in Cigna's opposition to remand.) And there was federal subject-matter jurisdiction for Baptist to file its application to confirm the arbitration awards in this Court. Cigna details why in its opposition to Baptist's motion to remand. (ECF 30 at 18-24.)

Baptist's responses also miss the point that its approach is inherently wasteful. Cigna had already filed an application to vacate the arbitration awards in this federal Court in the Prior Related Federal Action. That case already existed before Baptist filed its Counter-Petition in state court. Baptist was free to argue that this Court lacked subject-matter jurisdiction or that Cigna's application was untimely in a filing in this Court in response to Cigna's application to vacate in the Prior Related Federal Action. It is in fact making those very argument *now*. (Prior Related Federal Action ECF 21 at 8-22.)

On top of those points, this action should be dismissed because of the prior-pending federal suit. (ECF 8-1 at 3-4 (citing *Thomas & Betts Corp. v. Hayes*, 222 F. Supp. 2d 994, 995 (W.D.

2

Tenn. 2002) and *Smith v. S.E.C.*, 129 F.3d 356, 361 (6th Cir. 1997)).  Baptist incorrectly responds that prior pending suit doctrines only arise under state law.  In fact, the Supreme Court applying federal law has recognized "the general rule that the law will not tolerate two suits at the same time for the same cause."  *Layman v. Tennessee State Bank*, 2021 WL 6425951, at *3 (E.D. Tenn. Feb. 2, 2021) (quoting *Freshman v. Atkins*, 269 U.S. 121, 123 (1925)).  And federal courts in general will enforce prior pending suit rules.  *See, e.g.*, *Johnson Controls, Inc. v. Thomas*, 2007 WL 9770104, at *1-2 (W.D. Tenn. June 13, 2007), *aff'd on other grounds*, 287 F. App'x 496 (6th Cir. 2008).  Baptist cites one case in which the Sixth Circuit found that there was no other prior pending action because the prior action (in state court) "could not have entertained the original claims as they were improperly filed."  *Laney Brentwood Homes, LLC v. Town of Collierville*, 144 F. App'x 506, 512 (6th Cir. 2005).  The opposite is true here.  The Prior Related Federal Action brought by Cigna was properly filed.  The Counter-Petition Cigna seeks to dismiss here is one that *was* improperly filed in state court and postdates the already existing Prior Related Federal Action.

       Baptist further argues that the first-to-file doctrine does not apply on the ground that the doctrine only comes into effect when the two actions are in "separate federal district courts," not in the same district Court as here.  (ECF 18 ¶ 7(c).)  But there is no such limitations—and even if there were, it would support Cigna.  Because this Court has both cases in front of it, any comity concerns about it interfering with another court's business are non-existent.  The only policy concerns underlying the first-to-file doctrine that remain all support Cigna, including the avoidance of duplication, inefficiency, and forum-shopping.  Baptist's duplicative Counter-Petition should be dismissed and the Prior Related Federal Action—which by Baptist's own admission encompasses the entire dispute—should go forward.

**III.      Baptist Provides No Argument Against Cigna's Opposition to Confirmation.**

The foregoing addresses the only points that Baptist makes in this briefing as to whether its Counter-Petition should be dismissed. Baptist makes no substantive arguments on the merits of Cigna's application to vacate or Baptist's efforts to confirm the awards. Cigna respectfully refers to the Court to the substantial briefing submitted by the parties on those points, which are being thoroughly addressed in the separate briefing to the Court on these matters.

### Conclusion

The Court should grant Cigna's motion to dismiss.

Dated: November 6, 2023                     Respectfully submitted,

/s/ *Andrew J. Pulliam*

Andrew J. Pulliam (Tenn. Bar No. 16863)
Melanie R. Jayashankar (Tenn. Bar No. 28347)
WYATT, TARRANT & COMBS, LLP
6070 Poplar Avenue, Suite 300
Memphis, TN 38119
apulliam@wyattfirm.com
mjayashankar@wyattfirm.com
901.537.1000

John J. Hamill (*pro hac vice pending*)
Pamela Begaj Loutos (*pro hac vice pending*)
Devin J. Carpenter (*pro hac vice pending*)
DLA PIPER LLP (US)
444 West Lake Street, Suite 900
Chicago, IL 60606
john.hamill@us.dlapiper.com
pamela.loutos@us.dlapiper.com
devin.carpenter@us.dlapiper.com
312.368.7036

*Attorneys for Cigna HealthCare of Tennessee, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2023 the foregoing was filed on the Court's ECF system, which will serve all parties of record.

*/s/ Andrew J. Pulliam*
Andrew J. Pulliam (Tenn. Bar No. 16863)